# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 07-CR-229

DAMON R RICHMOND,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN

## NATURE OF CASE

On August 21, 2007, a federal grand jury sitting in this district returned a three-count indictment against defendant Damon R. Richmond. The defendant is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Count Two charges the defendant with knowingly and intentionally possessing with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). The defendant is charged in Count Three with unlawfully and knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On August 29, 2007, the defendant appeared before United States Magistrate Judge Aaron E. Goodstein and entered a plea of not guilty to the charges. On September 18, 2007, the defendant filed a motion to suppress statements and the fruits derived therefrom (Docket #9) and a motion to suppress physical evidence and the fruits derived therefrom (Docket #10). The defendant's motion to suppress physical evidence will be addressed herein.

The defendant seeks suppression of the physical evidence seized pursuant to a search warrant executed at 3928 West Galena Street, Milwaukee, Wisconsin, on June 26, 2007. The defendant asserts that the affidavit in support of the search warrant did not establish probable cause to believe that the residence contained contraband or any evidence of criminal activity. Specifically, the defendant states that the warrant was deficient because the police did little to corroborate the informant's allegations and the informant offered few details to support his allegations. In the alternative, the defendant argues that even if the affidavit provided probable cause to search for a firearm, it did not provide probable cause to search for scales and narcotics packaging equipment.

In response, the government asserts that the search warrant contains sufficient probable cause to search for both a firearm and indicia of drug dealing. Alternatively, the government asserts that even assuming the affidavit failed to establish probable cause for the search, the officer relied upon and executed the search warrant in good faith, citing United States v. Leon, 468 U.S. 897 (1984).

## **ANALYSIS**

In determining whether probable cause exists to support a search warrant, the judge must consider the totality of the circumstances. United States v. Brack, 188 F.3d 748, 755 (7th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v.

- 2 -

Newsom, 402 F.3d 780, 782 (7th Cir. 2005), cert. denied, 546 U.S. 1224 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 [1983]).

"Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). "Probable cause denotes more than mere suspicion, but does not require certainty." United States. v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990) (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]).

"Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense." United States v. Anderson, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted). Thus, a judge making a probable cause determination "need not determine that the evidence sought is in fact on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . .. He need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d 163, 166 (7th Cir. 1990) (emphasis in original) (quoting United States v. Peacock, 761 F.2d 1313, 1315 [9th Cir. 1985]); see also, United States v. Sleet, 54 F.3d 303, 306 (7th Cir. 1995).

When an affidavit for a search warrant is supported by a confidential informant's tip, the totality of the circumstances assessment involves multiple factors including: 1) the extent to which the police corroborated the informant's statements; 2) the degree to which the informant acquired knowledge of the events through first-hand observation; 3) the amount of

detail provided; and 4) the interval between the date of the events and the police officer's application for the warrant. United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002); United States v. Jones, 208 F.3d 603, 609 (7th Cir. 2000). No single factor is determinative. Rather, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." Peck, 317 F.3d at 756 (quoting United States v. Brack, 188 F.3d 748, 756 [7th Cir. 1999]).

In this case, in the affidavit in support of the search warrant, Milwaukee Police Officer Jon D. Osowski recounts information provided by a reliable informant who advised that he had observed the defendant in possession of a large semi-automatic .50 caliber pistol and other firearms in his residence at 3928 W. Galena Street within the prior five days. Officer Osowski confirmed through questioning of the informant that the informant was familiar with weapons, had a sound understanding of firearms basics and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns, and non-firearm weapons like compressed air guns. The informant further advised that the defendant lives in the home with other family members and that he observed the defendant in possession of the firearm while he was in the residence. According to the informant, the defendant uses the weapon for protection when he sells crack cocaine from a black van parked in the vacant lot next to his residence.

The defendant asserts that the police did little to corroborate the informant's allegations, including whether or not the defendant was selling crack cocaine from his van. However, some information provided by the informant was corroborated by Officer Osowski. He verified that the defendant is a convicted felon based on a conviction in Milwaukee County and that the defendant provided the home address of 3928 W. Galena Street to the

Wisconsin Department of Transportation for his Wisconsin identification card. He also observed the vehicle described by the informant parked at the defendant's residence. The fact that the defendant can point to additional information that the informant could have provided does not detract from the information that was provided.

Officer Osowski also provided details to support his assertion that the informant was credible, unlike the situation in <u>Koerth</u>, 312 F.3d at 867-68. In <u>Koerth</u>, the affidavit in support of the search warrant was devoid of any information about the informant's reliability and failed to explain whether or not the informant had previously provided information leading to arrests or prosecutions for criminal activity of any kind. Here, the informant provided the name and identify of the defendant, the vehicle he used and the types of offenses he had committed. The informant also provided information which resulted in the issuance of over eleven search warrants. These warrants led to the recovery of the type of narcotics and firearms which the informant had stated would be at the locations. The informant also was responsible for the arrests and convictions of eight individuals on gun and narcotics charges in state and federal court. The informant also provided information that led to the apprehension of two individuals wanted on felony warrants and was responsible for the recovery of two crime guns in May 2007. Thus, Officer Osowski provided sufficient information to establish the credibility and reliability of the confidential informant.

The defendant maintains that even if the court concludes that the affidavit in support of the warrant establishes probable cause to search for weapons, it fails to establish probable cause to search for scales and narcotics packaging materials. The court disagrees.

The informant advised Officer Osowski that the defendant not only possessed a .50 caliber semi-automatic firearm, but that he was a drug dealer and used the firearm for

- 5 -

protection when selling crack cocaine. The informant specifically identified the defendant, his precise address and stated that the defendant sold crack cocaine from a black van with Wisconsin license plate #24258G which was parked in the vacant lot next to his residence.

Given the information provided by the informant, it was reasonable to conclude that the defendant's residence would contain items used to package narcotics which would then be sold from the defendant's van parked next to his residence. See Sleet, 54 F.3d at 306 (The judge issuing the search warrant is entitled to draw reasonable inferences about where the evidence is likely to be found based on the nature of the evidence and type of offense and need only conclude that it would be reasonable to seek the evidence in the place stated in the affidavit); see also, United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991). As the court has stated: "In the case of drug dealers, evidence is likely to be found where they live." United States v. Certain Real Property, 943 F.2d 721, 724 (7th Cir. 1991). Considering the totality of the circumstances, the court concludes that the affidavit established probable cause to search the defendant's residence for firearms, scales and narcotics packaging materials.

Even if the court was to conclude that the affidavit failed to establish probable cause that evidence of a crime would be found at the residence, suppression of the evidence is not warranted. It is well established that a facially valid warrant issued by a neutral detached magistrate judge will be upheld if the police relied on the warrant in good faith. In Leon, 468 U.S. at 926, the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id.

The Court in Leon explained: "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were reckless or dishonest in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. The decision to seek a search warrant is prima facie evidence that an officer was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]); Peck, 317 F.3d at 757. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

In this case, the defendant does not argue that the court commissioner abandoned her role as a neutral and detached judicial officer when she issued the warrant, nor does he assert that the agent was reckless or dishonest in preparing the affidavit. Moreover, in reviewing the affidavit, there is no indication that the affidavit "was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917. Thus, the court finds that the officers relied on the warrant in good faith. See Leon, 468 U.S. at 926. Therefore, the court will recommend that the United States district judge enter an order denying the defendant's motion to suppress physical evidence on the grounds stated in his motion.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Damon R. Richmond's motion to suppress physical evidence and fruits derived therefrom. (Docket #10).

- 7 -

Case 2:07-cr-00229-LA   Filed 10/23/07   Page 7 of 8   Document 14

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge