# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                               **Case No. 07-CR-229**

**DAMON RICHMOND**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Damon Richmond with possessing a firearm as a felon, 18 U.S.C. § 922(g), and in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and possession of marijuana with intent to deliver, 21 U.S.C. § 841(a)(1) & (b)(1)(D). Defendant moved to suppress the contraband recovered from his home pursuant to a search warrant. The magistrate judge handling pre-trial matters in this case recommended that the motion be denied. Defendant objects, requiring me to review the matter de novo. See Fed. R. Crim. P. 59(b)(3).[1]

## I. FACTS AND BACKGROUND

On June 25, 2007, City of Milwaukee Police Officer Jon Osowski applied for a warrant to search the residence located at 3928 West Galena Street in Milwaukee for firearms and ammunition, scales and narcotics packaging equipment, and documents and other items used

---

[1] In its response, the government argues that defendant has failed to object with the specificity required by 28 U.S.C. § 636(b)(1) and United States v. O'Neil, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998). It is true that § 636(b) and Rule 59(b) require specific written objections. However, because the issues raised in the present motion are relatively straightforward, I am able to conduct de novo review based on the arguments raised in defendant's memorandum attached to the objections.

to show control of the premises. (Search Warrant [R.10-2] at 1.) Osowski indicated that he had been an officer for eleven years, had received training on firearm and drug offenses, and had arrested numerous individuals for such offenses. (Aff. for Search Warrant [R. 10-2] ¶ 1-3.) Osowski averred that he knew, through personal involvement in this investigation, the reports of other officers, and court records that a convicted felon by the name of Damon Richmond, black male, 12-24-78, was reported to be in possession of a large, semi-automatic .50 caliber pistol and other firearms at his residence located at 3928 W. Galena. Osowski stated that he was informed by a confidential informant ("CI"), who wished to remain anonymous, that within the last five days, s/he had seen the firearms in the residence in Richmond's possession. The CI stated that s/he was familiar with weapons, and Osowski confirmed through interrogation that the CI knew the difference between various types of firearms and non-firearm weapons. The CI stated that s/he observed Richmond with the firearm in his possession while in the residence, and that he lives in the home with other family members. Richmond used the weapon for protection during the distribution of crack cocaine he sold from a black van with Wisconsin plate 24258G parked in the vacant lot next to the residence. (Id. ¶ 4.)

Osowski stated that he knows Damon Richmond, B/M 12-24-1978, is a felon – and thus prohibited from possessing firearms – based on his conviction of first degree recklessly endangering safety in Milwaukee County Case No. 1999-CF-1870. Osowski further averred that Richmond provided the address of 3928 W. Galena Street to the Wisconsin Department of Transportation on his Wisconsin identification card. (Id. ¶ 5.)

Osowksi stated that he believed the CI to be credible because the CI provided information directly corroborated by the knowledge and past experience of law enforcement officers. The CI further provided the name and identity of the suspect, the types of criminal

2

offenses committed by Richmond, and the vehicle used by Richmond – a black van bearing Wisconsin plate 24258G, which Osowski observed parked at the residence. The CI had also provided Osowski with information in the past resulting in the obtaining of over eleven search warrants leading to the recovery of the types of narcotics and firearms the CI stated would be at a certain location. The CI was also responsible for the arrests of eight individuals who had been convicted in state and federal court on gun or drug charges. The CI also provided Osowski with the location of two individuals wanted on felony warrants leading to the arrests of those suspects. Finally, the CI was responsible for the recovery of two "crime guns" in May 2007. (Id. ¶ 6.)

Osowski stated that he knew that firearms were not readily consumed and remained in close proximity to individuals engaged in criminal activity, including drug traffickers who use them to protect areas they control. (Id. ¶ 7.) Owoski further stated that he knew 3928 W. Galena to be a two story, single family residence with white siding, gray trim around the windows and gray asphalt shingles. The numbers 3928 were affixed to the residence porch support pillar near the primary front entrance door. (Id. ¶ 8.)

A Milwaukee County Court Commissioner issued the warrant, which officers executed on June 26. After officers read the warrant to defendant, he advised the officers that he had marijuana and a gun in the kitchen cupboard. The officers went to the cupboard and seized marijuana, a gun and ammunition, and a digital scale. (Def.'s Mot. to Suppress [R. 10] at 3.) Defendant argues that the warrant application failed to establish probable cause to believe the residence contained contraband. In the alternative, he argues that the affidavit failed to provide probable cause to search for scales and narcotics packaging equipment.

3

## II.  DISCUSSION

**A.    Applicable Legal Standards**

In ruling on a motion to suppress evidence recovered pursuant to a search warrant, the court employs a sequential two-step test.  See United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).  The court first determines whether there is substantial evidence in the record supporting the magistrate's finding of probable cause to issue the warrant.  United States v. Lloyd, 71 F.3d 1256, 1262 (7th Cir. 1995).  When, as in the present case, "the affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'"  Koerth, 312 F.3d at 866 (quoting United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)).

Probable cause to issue a warrant exists when the warrant application alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime.  United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003).  The Supreme Court has explained that:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983).  "Probable cause does not require direct evidence linking a crime to a particular place.  Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense."  United States v. Anderson, 450 F.3d 294, 303 (7th Cir.) (internal citation and quote marks omitted), cert. denied, 127 S. Ct. 532 (2006).

4

The reviewing court considers the warrant application in a realistic and common sense manner in order to determine whether it alleges specific facts and circumstances that would permit the issuing magistrate to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated. Koerth, 312 F.3d at 866-67. Where the warrant application is supported by an informant's tip, the reviewing court considers:

> (1) whether the informant personally observed the events, (2) the degree of detail shown in the informant's statements, (3) whether the police independently corroborated the information, (4) the interval of time between the events and application for a warrant, and (5) whether the informant appeared in person before the judicial officer who issued the warrant.

United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005). No single factor is dispositive, and a deficiency in one may be compensated for by a strong showing in another or by some other indication of reliability. Peck, 317 F.3d at 756; United States v. Brack, 188 F.3d 748, 756 (7th Cir. 1999). Ultimately, the reviewing court must give the magistrate's determination of probable cause considerable weight and resolve doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000).

If the court finds the warrant deficient, it must then proceed to the second step of the analysis, which is to determine whether the executing police officer could "have reasonably believed that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause." Koerth, 312 F.3d at 866 (citing United States v. Leon, 468 U.S. 897, 920-24 (1984)). The government bears the burden of demonstrating by a preponderance of the evidence that the police relied in "good faith" on the magistrate's decision to issue the warrant. Koerth, 312 F.3d at 868. However, an officer's decision to seek a warrant is prima facie evidence that he acted in good faith. Peck, 317 F.3d at 757; Koerth, 312 F.3d at 868.

5

"The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Wiley, 475 F.3d 908, 917 (7th Cir.), cert. denied, 127 S. Ct. 2966 (2007).

**B.    Analysis**

I agree with the magistrate judge that the instant warrant application established probable cause. The CI provided relatively detailed, first-hand information about defendant's alleged offenses. S/he provided defendant's name and address, and described the firearm he allegedly possessed. These observations occurred within five days and thus were not stale. Osowski confirmed that the CI was familiar with weapons and corroborated some of the information the CI provided by searching court and DOT records, and traveling to the residence, where he observed the van the CI described as the locus for defendant's drug dealing. Osowski also established the CI's reliability by describing the numerous past occasions in which the CI provided useful information to law enforcement.

Defendant complains that, although police corroborated that he lived at 3928 West Galena and that someone living there drove a black van bearing plate number 24258G, officers did not corroborate that he was selling crack from the van or that he possessed a gun inside the residence. However, defendant cites no authority for the proposition that police corroboration must relate to incriminating details.[2] The fact that the police could have done more to shore up their case does not mean the case they did present to the Commissioner was deficient. Further, defendant has no answer for Osowski's strong demonstration of the CI's

---

[2]Indeed, had an officer personally observed defendant dealing drugs or possessing a firearm there would be no need to rely on the CI.

6

reliability. As the Seventh Circuit has often noted, a deficiency in one area may be compensated for by a strong showing in another or by some other indication of reliability. Peck, 317 F.3d at 756.

Defendant also contends that the CI offered few details about the alleged criminal activity. Specifically, he notes that the affidavit does not indicate whether the CI knew Richmond was a felon; the CI did not specify where in the residence Richmond kept the gun; and the CI did not offer details on the other residents of the house. Again, the fact that the affidavit could have theoretically been more detailed does not mean that the showing that was made was deficient. Further, Osowski confirmed that defendant was a felon and thus could not possess firearms. And, the CI stated that s/he saw defendant with the firearm in his possession inside the residence; the absence of information about where defendant stored the gun when not holding it does not negate the showing of probable cause. Finally, defendant fails to explain the relevance of information about other residents of 3928 W. Galena. In sum, the CI offered far more than "mere conclusions and assertions of wrongdoing."

Defendant argues in the alternative that even if the affidavit established probable cause to search for a firearm, it failed to establish probable cause to search for scales and narcotics packaging equipment. The CI did not allege that Richmond sold drugs from the house or that any drugs or paraphernalia were stored in the house. However, as the magistrate judge noted, an "issuing court is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. In the case of drug dealers, evidence is likely to be found where the dealers live." United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991) (internal citation and quote marks omitted). As the magistrate judge also noted, in the present case it was reasonable for the issuing Court Commissioner to believe that

defendant may keep items used to package narcotics in his house, which he would then sell from his van parked next to the residence.

Therefore, for all of these reasons and those stated by the magistrate judge, I find the warrant supported by probable cause. However, even if I were to find the warrant deficient, I would have to deny the motion under Leon. Defendant fails to rebut the presumption of good faith based on Osowksi's decision to obtain a warrant. Defendant does not argue that the Commissioner abandoned her neutral, judicial role, or that Osowski provided false information. Rather, he claims that Osowski's reliance on the warrant was unreasonable because the Seventh Circuit has consistently held since 1996 that probable cause may not be based on mere conclusions or assertions of wrongdoing by an informant. (Def.'s Mot. at 7, citing Peck, 317 F.3d at 756; Koerth, 312 F.3d at 867; United States v. Reddrick, 90 F.3d 1276, 1280 (7th Cir. 1996).) However, defendant fails to demonstrate that his case is "materially similar" to any of those he cites. Koerth, 312 F.3d at 869. Unlike in those cases, the informant in the present case had a proven record of reliability, and Osowski obtained further corroboration, as discussed above. Thus, even if the warrant were deficient, the good faith doctrine would apply.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 14) is **ADOPTED**, and defendant's motion to suppress (R. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8